[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 25, 1996 CT Page 5707 Date of Application: April 25, 1996 Date Application Filed: May 24, 1996 Date of Decision: April 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Number CR95-142915.
Richard E. Cohen, Esq, Defense Counsel, for Petitioner.
Carl E. Taylor, Esq, Assistant State's Attorney, for the State.
BY THE DIVISION:
After trial by jury, petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a)(1) and unlawful restraint in the first degree in violation of § 53a-95 (a). As a result of such conviction, a sentence of 20 years execution suspended after 12 years and five years probation was imposed on the first charge. A five year concurrent sentence was imposed on the second charge. The total effective sentence was 20 years execution suspended after 12 years with five years probation.
The facts underlying petitioner's conviction indicate that on the evening of March 25, 1995, the 16-year-old female victim and a friend went to a residence in East Hartford to visit petitioner's sister. Petitioner admitted the victim and her friend to the residence. Although offender's sister was not present, the victim and her friend sat down in the living room. Petitioner who appeared to the victim to be intoxicated made sexual advances to the victim which she resisted. As the victim began to leave the room, the offender insisted that she stay and talk with him. The victim stated that she felt petitioner was intimidating her and that she had prior knowledge that he was known to assault females. She was afraid of petitioner and stated that she thought she had seen him with a knife earlier in the day. When petitioner ordered the victim to go upstairs into the bedroom, she complied out of fear of petitioner. Once inside the CT Page 5708 bedroom, petitioner threw the victim onto the bed. Despite the victim's pleas and cries, petitioner proceeded to remove portions of her clothing and force her to have sexual intercourse. Eventually petitioner released the victim and allowed her to depart.
Petitioner's attorney requested that the sentence be reduced. The request for sentence reduction was based upon two separate theories. The first was based upon a claim that petitioner's prior lifestyle had been unfairly represented to the court at sentencing. It was claimed that petitioner's prior work experience had been unfairly presented and that petitioner had not been completely honest in his representation of employment and job corps involvement. The attorney argued that the judge was overly influenced by these factors which were, in fact, not correct and that petitioner's work record and job corps involvement were not nearly as bad as presented. The attorney also argued that petitioner's prior criminal record did not involve serious criminal offenses. The second prong of the attorney's argument was that the sentence imposed was disproportionate in view of other sentences which had been imposed for similar crimes.
The state's attorney argued against any reduction in sentence. He pointed out that the offense involved the forcible sexual assault of a 16-year-old girl who was a stranger to petitioner. The state's attorney also took issue with petitioner's attorney's representation of his client's work record. The state's attorney argued that the record was, in fact, not good. The state's attorney also pointed out the anti-social aspects of petitioner's life as indicated by his prior criminal involvement. It was also pointed out that petitioner was on probation at the time this crime occurred.
The effect of this crime on the 16-year-old victim and her family was stressed by the state's attorney. He pointed out that the sexual assault materially changed the life of the victim.
The state's attorney also argued that the sentence imposed was much less than the maximum sentence that could have been imposed and less than that requested by the attorney representing the state at the time of trial. An increase in the sentence was recommended.
In imposing sentence, the judge considered the seriousness of CT Page 5709 the crime, petitioner's prior criminal record which indicated a propensity towards violence, and a complete lack of remorse for the present offense. The judge concluded that a significant sentence would be required under the circumstances.
In light of the serious nature of the offense committed by petitioner and the effect of such offense on the victim, the character of the petitioner as reflected in the record and the need to protect the public from such conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate and should not be reduced. Connecticut Practice Book § 942.
Sentence affirmed.
PURTILL, J.
KLACZAK, J.
MIANO, J.
Purtill, J., Klaczak, J., and Miano, J. participated in this decision.